IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SULE AUGUSTO PEDRO,**
**A# 028-117-194,**

    Petitioner,

vs.                                         Case No. 4:19cv237-RH/CAS

**ATTORNEY GENERAL WILLIAM BARR,**
**et al.,**

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 2, 2019, in the Middle District of Florida. ECF No. 1. The case was transferred to this Court,[1] ECF Nos. 6-7, and the petition, ECF No. 1, was reviewed. Finding it sufficient based on Petitioner's allegations that he was taken into ICE custody on November 21, 2017, but ICE had been unable to remove him to Namibia, Respondents were required to show good cause

---

[1] At the time of case initiation, Petitioner was held in the Baker County Detention Center. ECF No. 1 at 4. He is now within the jurisdiction of this Court as he was transferred to the Wakulla County Detention Center. ECF No. 5.

why Petitioner should not be released from detention to an order of supervision pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). ECF No. 9.

On July 25, 2019, Respondents filed a motion to dismiss the petition as moot. ECF No. 12. Respondents state that on July 16, 2019, ICE released Petitioner from detention at the Wakulla County Detention Center under an order of supervision. *Id.* Attached to the motion is an exhibit revealing Petitioner was released from detention and providing information concerning Petitioner's address upon release. ECF No. 12-1 at 1-2. Therefore, because Petitioner has been afforded the relief sought in the petition and is no longer in custody, this § 2241 petition should now be dismissed as moot.

Additionally, the motion to dismiss contains a certificate of service indicating the document was provided to Petitioner at his address of release. ECF No. 12 at 6. Petitioner has not filed a response to the motion to dismiss, despite having been given a deadline of August 29, 2019, in which to do so. *See* ECF No. 9. It appears that Petitioner concedes that this case is moot in light of his having been granted the relief requested. Nevertheless, the Clerk of Court shall forward this Report and Recommendation to Petitioner at that address. If Petitioner disputes that

this case is moot, he must immediately file "objections" and a notice of change of address.

**ORDER**

It is **ORDERED** that the Clerk of Court shall forward this Report and Recommendation to Petitioner at 7071 Luke Street, Jacksonville, Florida 32209, (*see* ECF No. 12 at 6), and his address of record.

**REPORT AND RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 12, be **GRANTED**, and the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on September 11, 2019.

 S/    Charles A. Stampelos    
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic</u>**

**docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.